UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LBT ENTERPRISES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-2806 |
| | § | |
| COASTAL PILECUTTERS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for construction and clarification, Docket No. 59.  Defendant requests that the Court (1) construe the phrases "substantially flat abutment face" and "flat abutment face" as found in claims 3 and 4 of the '982 patent and (2) clarify the meaning of "entering into conflict with or interlocking with," which is the construction that the Court previously adopted of the term "engaging."  The Court hereby **GRANTS** Defendant's motion and clarifies its claim construction order as follows:

1. At the claim construction hearing, the parties agreed that "substantially flat" means "approximately or nearly flat."  The only remaining point of contention is whether the terms "flat abutment face" and "substantially flat abutment face" should be construed with reference to the purpose of the device.  The Court finds that they should, and hereby **ADOPTS** Plaintiff's constructions:

    a. "Substantially flat abutment face" means "the anvil face provided to withstand the thrust of the blade, wherein the face is without unevenness of surface, at least not uneven enough to prevent the cutting edge from satisfying the object of the invention, which is to cut pilings."

    b. "Flat abutment face" means "the anvil face provided to withstand the thrust of the blade, wherein the face is without unevenness of surface."

2. The parties' principal conflict concerning the meaning of the term "engaging," as used in the patent claims at issue in this case, concerns whether the term

requires contact between the engaged elements of the device. The Court's construction, "entering into conflict with or interlocking with," does not require the elements of the device to come into contact with each other.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**