UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LBT ENTERPRISES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-2806 |
| | § | |
| COASTAL PILE CUTTERS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In this patent infringement case, Plaintiff LBT Enterprises, Ltd. ("LBT") alleges that Defendant Coastal Pile Cutters, L.L.C. ("Coastal") is liable for infringement of an LBT patent describing a device for cutting concrete piles used in post-tensioning systems. Both parties now move for summary judgment; LBT urges the Court to grant judgment in its favor on the issue of infringement, while Coastal argues that the Court should grant judgment in Coastal's favor on grounds of non-infringement and invalidity. After reviewing the parties' filings and oral arguments and the applicable law, the Court finds that LBT's motion, Docket No. 67, should be and hereby is **DENIED**; that Coastal's motion regarding non-infringement, Docket No. 66, should be and hereby is **GRANTED**, and that Coastal's motion regarding invalidity, Docket No. 69, should be and hereby is **DENIED AS MOOT**.

## I. BACKGROUND

LBT is the owner of U.S. Patent. No. 5,245,982 ("the '982 patent"), which teaches a device for severing both the end of a concrete piling and the metal strands inside of the piling. The patented device fits around the piling to be cut, so that the piling is positioned between a blade with a substantially straight cutting edge on one side and an

anvil with a substantially flat abutment face on the other, with a portion of the anvil's surface in a confronting relationship with the cutting edge of the blade.[1]  During cutting, this abutment face comes into edge-to-face engagement with the blade, such that the face receives the thrust of the blade.  In this way, the metal strands within the piling are severed between the blade and the anvil face.[2]

## II.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id.*

---

[1] The Court has already construed the claims of the '982 patent, and its constructions are incorporated herein by reference.

[2] At the summary judgment hearing, LBT concurred in the Court's characterization of the action of its device as resembling that of a knife against a cutting board.  Importantly, however, the Court held in its *Markman* ruling that the '982 patent does not require the blade and the anvil face actually to come into contact with each other.

## III.   INFRINGEMENT

Coastal argues that its device cannot infringe LBT's patent, because, unlike the LBT machine, the Coastal device contains no vertical abutment face that crosses the horizontal plane created by the knife.  Instead, Coastal's device utilizes a "support gate" consisting of two separate vertical faces, which support the piling above and below the point at which it is to be cut, and an open space between them.  Thus, according to Coastal, no portion of the gate (or anvil) is in a confronting relationship with the cutting edge of the blade.[3]  LBT contends, however, that the "confronting relationship" language means only that the blade and the anvil face should be perpendicular to each other, and that "edge-to-face engagement" can occur even when a blade passes between two surfaces, touching neither.

Coastal's interpretation is the more plausible.  While it is true that "engagement" might, in some contexts, be read to mean "interlocking without touching," the Court cannot conceive of a useable meaning of the word "face" that can be stretched to include empty space.  Similarly, to interpret "confronting" as merely meaning perpendicular would be akin to holding that, for example, a tenth-floor wall can confront a basement floor.  Although a patentee may act as his own lexicographer, using words to convey meanings unique to his patent, "absent an *express intent* to impart a novel meaning, claim terms take on their ordinary meaning."  *Elekta Instrument S.A. v. O.U.R. Scientific Int'l*, 214 F.3d 1302, 1307 (Fed. Cir. 2000) (emphasis added).  LBT has presented no evidence to support a finding that the patentee intended to redefine the terms "confronting

---

[3] At the hearing, LBT agreed with the Court that the action of the Coastal device was similar to that of a hole-punch.  Coastal argued that it was more comparable to two sawhorses across which an object is laid and then broken by pressure on the portion of the object that lies between the two horses.

relationship" and "edge-to-face engagement" to include meanings not ordinarily ascribed to them.

Accordingly, because Coastal's device does not meet each and every claim limitation of the '982 patent, the Court finds that it does not infringe the patent, either literally or under the doctrine of equivalents. Coastal's motion for summary judgment on the issue of non-infringement is, therefore, **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Coastal's motion for summary judgment on the issue of invalidity is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of April, 2006.

*[signature: Keith P. Ellison]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**