UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LBT ENTERPRISES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-2806 |
| | § | |
| COASTAL PILE CUTTERS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this patent infringement case are Defendant Coastal Pile Cutters, L.L.C.'s ("Coastal") motions for fees, pursuant to 35 U.S.C. § 285, and for sanctions, pursuant to FED. R. CIV. P. 11. After reviewing the parties' filings and oral arguments and the applicable law, the Court finds that the motions, Docket Nos. 86 and 87, should be and hereby are **DENIED**.

### I.   BACKGROUND

Plaintiff LBT Enterprises, Ltd. ("LBT") filed suit against Coastal in July 2004, alleging infringement of an LBT patent describing a device for cutting concrete piles used in post-tensioning systems. In late October of that year, LBT filed its First Amended Complaint. Several weeks later, on November 19, 2004, Coastal served LBT with a copy of a motion for sanctions under Rule 11. LBT did not withdraw either the Original Complaint or the First Amended Complaint.

The parties proceeded to submit briefs concerning claim construction issues, and the Court construed the contested patent claims in February 2006. The Court subsequently granted summary judgment for Coastal, which now seeks sanctions and fees, on the grounds that LBT failed either to perform an adequate investigation prior to

filing its Complaint or to withdraw the Complaint upon notice that it was unsupported by evidence.

## II.     ANALYSIS

### A.     The Motion for Sanctions

FED. R. CIV. P. 11(c)(1)(A) requires a party seeking sanctions to provide the opposing party with twenty-one days' notice before filing the motion.  Rule 11(c)(1)(A) provides what is known as a "safe harbor": if, within the twenty-one day period, the offending pleading is withdrawn, no sanctions will be awarded.  Coastal asserts that it complied with the "safe harbor" requirement by serving a copy of the motion for sanctions on LBT in November 2004, shortly after LBT filed its First Amended Complaint.

In the motion, Coastal argues that LBT failed to conduct a reasonable pre-filing investigation because, *inter alia*, it failed to inspect the accused device before filing the Complaint.  As Coastal has conceded, however, the device was not readily accessible for inspection at the time when suit was filed.  Coastal also contends that the photographs upon which LBT based its allegations were not optimal representations of the device, but the relative inaccessibility of the Coastal apparatus explains this circumstance as well.

Coastal next points out that LBT was given the opportunity to inspect the Coastal device in December 2004 and that Coastal provided LBT, in April 2006, with a sworn declaration stating that the Coastal device currently in use – which plainly does not infringe LBT's patent – is the only model that Coastal has ever used.  LBT replies that it was not obligated to rely on that declaration, which was made by a Coastal employee and therefore self-serving.  Thus, argues LBT, it never became clear, prior to this Court's

ruling on the competing summary judgment motions, that the Coastal device currently in use was the only one that Coastal had ever produced, and thus that there was no evidence to support LBT's claims.

The Court finds the behavior of both parties disappointing, particularly in view of the Court's strongly favorable opinion of both counsel. If, as LBT's counsel appeared to concede at the hearing held on June 15, 2006, the additional affidavit submitted by Coastal as an attachment to its reply in support of summary judgment was sufficient to establish non-infringement, LBT's failure to request such an affidavit before incurring the expense associated with the litigation of multiple summary judgment motions was improvident.

The Court also finds, however, that Coastal has violated the spirit, if not the letter, of Rule 11's safe harbor provision. When Coastal served the motion for sanctions – more than one and a half years ago – LBT had not yet even been given the opportunity to inspect the LBT machine firsthand, and Coastal was not to file its declaration and affidavit until many months later. Under these circumstances, considerations of equity required Coastal to re-serve the motion once the circumstances had materially changed. The Court declines to hold that the safe harbor provision is satisfied where a party preemptively serves a Rule 11 motion early in a case, in the hope that such service will permit it to file a surprise motion, without further notice, months or even years later. Accordingly, Coastal's motion for sanctions is hereby **DENIED**.

B.   The Motion for Fees

Coastal also moves to recover its fees, pursuant to 35 U.S.C. § 285, which authorizes the award of reasonable attorney's fees to the prevailing party in an exception

case. Coastal argues that, because this case was frivolous at the time of filing, it is exceptional. *See Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273 (Fed. Cir. 2004) (holding that frivolous or vexatious patent suits can constitute exceptional cases under § 285).

"A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless." *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993). As explained above, the Court finds that, under the circumstances of this case, LBT did not fail to perform a reasonable pre-filing investigation. While it is true that LBT's counsel might, later in the case, have notified Coastal of a readily curable asserted defect in the evidence supporting withdrawal of the Complaint, its failure to do so does not convince the Court that this case is exceptional for the purposes of § 285. Even were the Court to hold otherwise, an award of fees would not be warranted here, in light of Coastal's own post-summary judgment behavior. Accordingly, Coastal's motion for fees is **DENIED**. The Court is confident, given the experience and ability of the lawyers involved, that similar behavior will not recur.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**